# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TYREE AARON ELDRIDGE,**

        **Petitioner,**

v.                                     **Civil Action No. 3:14cv28**
                                       **Criminal Action No. 3:12cr6**
                                       **(Judge Groh)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On March 10, 2014, the *pro se* petitioner filed a Motion to Exhaust 2255 [sic] which was construed as both a petition under 28 U.S.C. §2255 for a Writ of Habeas Corpus by a Person in Federal Custody (Dkt.# 56) and a Motion for a Copy of Sentencing Transcript, and docketed accordingly. (Dkt.# 57). The Clerk of Court issued a Notice of Deficient Pleading, directing petitioner to file his motion to vacate on a court-approved form. By Order entered on March 11, 2014, petitioner's motion for sentencing transcript was denied without prejudice. Because petitioner had yet to file his court-approved form motion, by Order entered April 9, 2014, petitioner was directed to show cause why his case should not be dismissed without prejudice for failure to prosecute. On April 21, 2014, petitioner filed his court-approved form Motion to Vacate.

Upon a preliminary review of the petition, it appeared that it was untimely, having been filed seven months and three days after the one-year statute of limitations had expired. Thus, pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), the undersigned issued a notice advising the petitioner that his case would be recommended for dismissal unless he could show

that his motion was timely.[1] On August 25, 2014, petitioner filed his response.[2] Petitioner re-filed the same document on August 29, 2014.[3] By Order entered on September 24, 2014, the respondent was directed to file an answer on the limited issue of whether petitioner was entitled to equitable tolling. On October 20, 2014, the respondent filed its response.[4] That same day, petitioner filed also filed an Answer on Limited Issue of Wether [sic] Petittioner [sic] is Entitled to Tolling of Untimely 2255 Petittion[5] [sic], along with a Motion Rule [sic] 44(a) Right to Appointment of Counsel.[6] By Order entered on October 26, 2014, petitioner's Motion Rule [sic] 44(a) Right to Appointment of Counsel was denied without prejudice.

Petitioner filed a Notice of Change of Address on November 10, 2014, along with a letter motion for appointed counsel for the purpose of filing a "3582(c)(2)" to obtain a sentence reduction.[7] By separate Orders entered on February 24, 2015, petitioner's sentence was reduced and his motion for appointed counsel contained therein was denied, and his motion to reduce his sentence was granted.[8]

This case, which is pending before me for review, and report and recommendation pursuant to LR PL P 2, is ripe for review.

## II. Factual History

### A. Petitioner's Conviction and Sentence

---

[1] Dkt.# 69.

[2] Dkt.# 71.

[3] Dkt.# 72.

[4] Dkt.# 75.

[5] Dkt.# 76.

[6] Dkt.# 77.

[7] Dkt.# 85.

[8] Dkt.# 87 and Dkt.# 88.

On March 21, 2012, petitioner was named in an eight-count Indictment, charging him in Count One, Two, Four, Five, Six and Seven with Distribution of Cocaine Base, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C); Count Three, Aiding and Abetting the Distribution of Cocaine Base, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C), and 18 U.S.C. §2; and Count Eight, Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C).[9]

On April 23, 2012, petitioner signed a written plea agreement, agreeing to plead guilty to Count Six (Distribution of Cocaine Base) in exchange for the dismissal of the remaining seven counts. The parties stipulated to a total drug relevant conduct of 15.3 grams of cocaine base and 11.4 grams of heroin.[10]

On April 30, 2012, petitioner entered his plea.

On July 23, 2012, petitioner was sentenced to a 70-month term of imprisonment.[11] On July 24, 2012, judgment was entered.[12]

**B. Appeal**

The petitioner did not file a direct appeal of his conviction and sentence.

**C. Federal Habeas Corpus**

**Petitioner's Contentions**

In the petition, petitioner asserts that counsel was ineffective:

1) for failing to explain that petitioner could challenge his offense level and criminal history calculations;

---

[9] Dkt.# 1.

[10] Dkt.# 31.

[11] Pursuant to the Court's February 24, 2015 Order granting his motion pursuant to 18 U.S.C. §3582(c), petitioner's sentence is now 57 months.

[12] Dkt.# 42.

2) for advising petitioner to stipulate to a total drug relevant conduct that exceeded the weights of cocaine base alleged in the Indictment;

3) for failing to properly explain petitioner's plea agreement and improperly coercing him into signing the plea agreement; and

4) for failing to raise objections or challenge any of the evidence against petitioner.

Petitioner contends that he is entitled to equitable tolling of the statute of limitations, because counsel failed to advise him of his right to file a §2255 motion or of its one-year deadline. Further, he argues, his sentence did not commence until April, 2013 because he was in state custody without "proper legal resources." He asserts that upon commencement of his federal sentence, he was initially held in a regional jail where "movement is restricted," and where he had no access to a law library. Next, he alleges that he began, but lost "numerous legal material and motions" because he was not permitted to keep any paperwork while in transit. Further, he contends that he wrote and attempted to call his former counsel several times but did not get a response. Finally, he avers that when he finally arrived at the federal facility, numerous "lockdowns" caused restricted movement, as did being housed in the Special Housing Unit ("SHU") for investigative or security purposes, which further hindered his ability to timely file a §2255 motion.

For relief, petitioner seeks "any and all applicable relief."

**Respondent's Limited Response on the Issue of Timeliness**

The government argues that petitioner's §2255 motion should be dismissed because it is untimely and he has failed to establish a basis for equitable tolling.

**Petitioner's Limited Response on the Issue of Timeliness**

Petitioner reiterates his arguments and attempts to refute the government's on the same. He argues that upon arrival at USP Canaan, he was housed in the SHU for security reasons because his life was in danger.

### III. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[3] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the instant case, the §2255 motion is clearly untimely under subsection 1. When a prisoner does not file a petition a notice of appeal of his conviction or sentence, the judgment becomes final when the time for seeking such review expires. Clay v. United States, 537 U.S. 522 (2003). Petitioner's judgment of conviction was entered on the record on July 24, 2012. Petitioner never filed a direct appeal; thus, his conviction became final on August 7, 2012, 2012,

---

[3] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

5

when the time for seeking such review expired.[13] See Clay, 537 U.S. at 525. Therefore, under AEDPA, he had until August 7, 2013 to file a §2255 motion. The petitioner did not file his petition until March 10, 2014, seven months and three days after the statute of limitations had expired. Thus, the petitioner's §2255 motion is untimely under subsection 1.

Because the petitioner does not allege that his motion is based on new facts or on a right initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review, subsections 3 and 4 are not applicable to this case.

Rather, petitioner appears to be alleging that under subsection 2, he is entitled to equitable tolling due to "extraordinary circumstances" beyond his control.

Equitable tolling is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Sosa, *supra* at 512, *quoting* Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) *(en banc)* (quotation marks omitted), *cert. denied,* 541 U.S. 905 (2004). In order to be entitled to equitable tolling, petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his §2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Id.

Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Government) prevented a defendant from filing a petition, or extraordinary circumstances beyond the defendant's control made it impossible to timely file the claim. United States v. Anderson, No. 04-0353, 2012 WL 1594156, at *2 (D.S.C. May 7, 2012), quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Whether a circumstance

---

[13] If a there is no direct appeal, a conviction final 14 days after the Judgment and Commitment Order is entered. (See Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6)).

warrants equitable tolling is made on a case-by-case basis. Holland v. Florida, 130 S.Ct. 2549, 2563 (2010).

Here, petitioner contends that before his instant federal sentence commenced in April 2013, he was serving a state sentence at a regional jail where his movement was "restricted" and he had little law library access; upon initially being designated to the Federal Bureau of Prisons ("BOP"), he could not access case materials, first, because he was in transit; and then, after arriving at USP Canaan, he was impeded further from timely filing, because the facility experienced lockdowns and he was housed in the SHU.

Here, a review of the record reveals that even assuming petitioner did have limited access to legal research material for the eight months between July 24, 2012, when judgment was entered while he was still serving his state sentence in a regional jail, until April 23, 2013, when his federal sentence began, he still approximately three and a half months left in which to timely file when he began his federal sentence on April 23, 2013. The 21-day period of time he spent in transit to his first BOP institution from April 23 – May 13, 2013, is not an uncommon disruption among federal inmates, and does not constitute "extraordinary circumstances."[14] Petitioner still had nearly three months left to file his §2255 motion when he arrived at USP Canaan. His claim that frequent lockdowns and placement in protective custody USP Canaan's SHU prevented him from timely filing his §2255 motion is belied by a cursory review of petitioner's Inmate History Quarters, attached to the government's dispositive motion. It reveals that after petitioner arrived at USP Canaan on May 13, 2013,[15] he was in general population until he requested protective

---

[14] All prisoners are subject to restrictions in obtaining copies of pleadings and to transfers to other prisons. See Ramos v. Dretke, 2004 WL 764978 (N.D. Tex. 2004), *report and recommendation adopted*, 2004 WL 1085113 (N.D. Tex. 2004).

[15] Dkt.# 75-1.

custody eleven days later, on the evening of May 24, 2013.[16] On June 6, 2013, while in the SHU, he drafted and filed a motion for copies;[17] on June 19, 2013, he drafted and mailed a letter to the Clerk of Court, again seeking copies;[18] and on July 10, 2013, while still in the SHU, he managed to write a letter to the District Judge, complaining of not receiving credit for time served from the Designation and Sentence Computation Center.[19] Petitioner remained in the SHU until he was transferred away from USP Canaan on August 4, 2013, three days before the one-year limitation ended. He was in transit again until September 12th, 2013, when he arrived at USP McCreary in Pine Knot, Kentucky.[20] Despite the fact that he was not in the SHU at USP McCreary, while he did file a Motion to Unseal Case and a Motion for Sentencing Transcript[21] from there on September 26, 2013, he still did not file his half-page long, handwritten Motion to Exhaust 2255[22] [sic] from there until March 10, 2014.

It seems apparent, then, that the petitioner has not been prevented by any extraordinary circumstance beyond his control, let alone any impediment by the government, from filing his petition; nor does it appear that he has shown the due diligence necessary to consider extending the filing time limits. Accordingly, the petitioner's motion to vacate should be dismissed.

## IV. Recommendation

---

[16] Dkt.# 75-1 and Dkt.# 75-2.

[17] Dkt.# 44.

[18] Dkt.# 48.

[19] Dkt.# 50.

[20] Dkt.# 75-1.

[21] Dkt.# 52.

[22] District Court did not abuse its discretion in denying equitable tolling of habeas limitations period, on grounds that the petitioner should have begun his preparation earlier and filed an unpolished, but timely, petition, rather than waiting until his law library access was restored following prison lockdown, to enable him to file a more polished, but untimely, petition. Belot v. Burge, 490 F.3d 201 (2nd Cir. 2007).

For the reasons foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion as untimely and **DISMISSING** the case with prejudice.

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by March 11, 2015,** any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: February 25, 2015

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE